Derwin LONGMIRE, Plaintiff–
Appellant,

v.

CITY OF OAKLAND; et al.,
Defendants–Appellees.

No. 11–17870.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2013.

Submission Vacated Dec. 20, 2013.

Resubmitted Aug. 14, 2014.

Filed Aug. 21, 2014.

John H. Scott, William Gordon Kaupp, Esquire, Lizabeth N. De Vries, Esquire, Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

Michael William Foster, Madelyn Gail Jordan Davis, C. Christine Maloney, Foster Employment Law, Oakland, CA, Christopher Kee, Etna, CA, for Defendants–Appellees.

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

MEMORANDUM *

Plaintiff Derwin Longmire appeals from the district court's order dismissing his Fourteenth Amendment claim and the court's subsequent order granting summary judgment in favor of Defendants on his Fourth Amendment and First Amend-

ment claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The parties have stipulated that Longmire's Fourteenth Amendment equal protection claim for "perceived as" religious discrimination is moot based on the adjudication on the merits of a related state law claim. *See Longmire v. City of Oakland,* No. A137344, Slip op., 2014 WL 3707139 (Cal.Ct.App. Jul. 28, 2014).

2. Longmire did not have a reasonable expectation of privacy in the information that Defendants allegedly disclosed to the press. "Fourth Amendment rights are implicated only if the conduct of the [defendants] infringed 'an expectation of privacy that society is prepared to consider reasonable.'" *O'Connor v. Ortega,* 480 U.S. 709, 715, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) (citation omitted). The information that Defendants allegedly disclosed was not highly personal and instead related only to Longmire's work (and alleged misconduct) as a police officer. *See, e.g., Engquist v. Or. Dep't. of Agric.,* 553 U.S. 591, 599, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008) ("[The] government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large."); *Lissner v. U.S. Customs Serv.,* 241 F.3d 1220, 1223 (9th Cir.2001) (noting that "by becoming public officials, [police officers'] privacy interests are somewhat reduced").

3. With respect to his First Amendment claim, Longmire did not "sp[eak] on a matter of public concern." *See Dahlia v. Rodriguez,* 735 F.3d 1060, 1067 (9th Cir. 2013) (en banc) (citation omitted). Longmire's "Pre–Disciplinary Response" letter alleged that Defendants' internal affairs

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

investigation violated his procedural due process rights. The "essential question is whether the speech addressed matters of 'public' as opposed to 'personal' interest." *Desrochers v. City of San Bernardino,* 572 F.3d 703, 709 (9th Cir.2009) (citation omitted). "Speech by public employees may be characterized as not of 'public concern' when it is clear that such speech deals with individual personnel disputes and grievances and that the information would be of no relevance to the public's evaluation of the performance of governmental agencies." *Allen v. Scribner,* 812 F.2d 426, 431 (9th Cir.1987).[1]

**AFFIRMED.**

---

1. Longmire's Motion to Supplement the Record is DENIED. *See United States v. W.R. Grace,* 504 F.3d 745, 766 (9th Cir.2007) ("In general, we consider only the record that was before the district court."). Practically speaking, comparable facts already are in the record.